UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeff R. Ash,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case Action No.: 1:10-cv-20

Judge Michael R. Barrett

## ORDER

This is a Social Security appeal brought under 42 U.S.C. § 405(g). Before the Court is Magistrate Judge Karen L. Litkovitz's January 24, 2011, Report and Recommendation ("Report") (Doc. 16).[1] In the Report, Magistrate Judge Litkovitz recommends that the Commissioner of Social Security's decision denying Plaintiff Jeff R. Ash's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") should be affirmed. (Doc. 16, 24.)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[2] Plaintiff filed timely objections to the Report (Doc. 18). Defendant has not filed a Response.

For the following reasons, the Court overrules Plaintiff's objections and the Report is ADOPTED. Accordingly, the Commissioner's decision is AFFIRMED.

---

[1] All Court document citations are to Docket Entry numbers (this includes the Administrative Transcript).

[2] A notice was attached to the Report regarding objections. (Doc. 16, 25.)

1

**I.     Background**

The Report, supplemented by Plaintiff's Statement of Errors and the ALJ's decision, accurately details the facts and procedural history of this case. (*See* Doc. 16, 1–11; Doc. 9, 1–8; Doc. 7-2, 10–21.) There is no need to repeat them here.

Plaintiff maintains the following objections: (1) the magistrate judge and the ALJ erred in not considering the effect of two episodes of decompensation on his mental impairments—Plaintiff's two suicide attempts should have been considered in determining his ability to cope with stress and daily activities (Doc. 18, 1); and (2) the ALJ erred in not accurately considering Plaintiff's pain—there was objective evidence supporting the pain alleged (Doc. 18, 1–2). Each of these will be addressed in turn.

**II.    Analysis**

   **A.    Standard of Review**

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. §

405(g). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (internal quotations omitted).

The substantial evidence standard presupposes that "there is a zone of choice within which the [ALJ] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (internal citations omitted) (*quoting Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky*, 35 F.3d at 1035 (*citing Mullen*, 800 F.2d at 545). However, even where there is substantial evidence, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (*quoting Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

The Social Security Act defines disability as the inability to do any substantial

gainful activity because of any medically determinable physical or mental impairment that can result in death or that can last at least twelve months.[3]  20 C.F.R. § 404.1505(a).  Disability claims are evaluated under a five-step sequential process.  20 C.F.R. § 404.1520(a)(4).  The burden of proof is on the claimant through the first four steps; the burden shifts to the Social Security Administration in step five.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).  However, the claimant bears the ultimate burden of proving that he or she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).

Step one of the sequential process requires a determination of whether the claimant is engaging in substantial gainful activity.  If not, the inquiry moves to step two, which determines whether the claimant's impairments, individually or in combination are "severe."  If a severe impairment is found, step three asks whether the claimant's impairment meets or medically equals the requirements of any impairment in the Listing of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1.  If the claimant's impairment is not of listing-level severity, then step four asks whether the claimant has the RFC to perform past relevant work.  If the claimant shows that she cannot perform past relevant work because of impairments, the Social Security Administration, in step five, must then identify other jobs existing in significant numbers in the national economy that the claimant can perform.  20 C.F.R. § 404.1520(a)(4).

If at any point it is determined that the claimant is or is not disabled, the inquiry stops.  *Id.*  For example, if the ALJ determines at step four that the claimant can perform past relevant work, the ALJ need not complete the sequential analysis.  *See id.*

---

[3] The regulations governing the determination of disability for DIB are found at 20 C.F.R. § 404.1501 et seq.  The SSI regulations are substantially identical to the DIB regulations and are set forth at 20 C.F.R. § 416.901 et seq.

4

However, if the ALJ errs in finding that the claimant can perform past relevant work, the reviewing court should remand the matter for further consideration. *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) ("If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.")

### B. First Objection

Plaintiff's first objection argues that the magistrate judge and the ALJ erred in not considering the effect of two episodes of decompensation on his mental impairments. Plaintiff maintains that his two suicide attempts should have been considered in determining his ability to cope with stress and daily activities. (Doc. 18, 1.)

Plaintiff made similar arguments in his Statement of Errors. (Doc. 9, 11.) The magistrate judge's Report responded as follows:

> [C]ontrary to plaintiff's argument, the ALJ properly evaluated what plaintiff characterizes as his "two episodes of decompensation." (Doc. 9 at 11). The ALJ specifically noted that plaintiff attempted suicide from an overdose of medication in June 2007 and February 2008, but determined that these hospitalizations did not support a finding of repeated episodes of decompensation of extended duration for purposes of analyzing plaintiff's functional limitations under the Listings. (Tr. 12-13). Episodes of decompensation "are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(C)(4). "The term repeated episodes of decompensation, each of extended duration . . . means *three episodes* within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks." *Id.*

5

> (emphasis added). Plaintiff's two hospitalizations simply do not constitute repeated episodes of decompensation of extended duration. *See Rabbers v. Commissioner*, 582 F.3d 647,659-60 (6th Cir. 2009). Nor does plaintiff suggest what additional limitations the ALJ should have imposed given his two hospitalizations.

(Doc. 16, 21.)

A claimant's episodes of decompensation are only relevant within the context of the five-step sequential process under which disability claims are evaluated. *See* 20 C.F.R. § 404.1520(a)(4). At step two in that process, an ALJ determines whether a claimant has a "severe" impairment. 20 C.F.R. § 404.1520(a)(4)(ii). Here, the ALJ found that Plaintiff has several such "severe impairments," which in relation to his mental impairments included an affective disorder and an anxiety-related disorder. (Doc. 7-2, 12–13.)

With that established, an ALJ must go on to step three to determine whether a claimant's severe impairment "meets or equals" one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Part of that analysis requires an ALJ to determine whether a claimant has had "[r]epeated episodes of decompensation, each of extended duration." 20 C.F.R. Pt. 404, Subpt. 404, App. 1, §§ 12.04(B)(4), (C)(1), 12.06(B)(4). As the magistrate judge noted, "repeated episodes of decompensation . . . means three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks." *Id.* at § 12.00(C)(4). If Plaintiff's account is accepted as true, he attempted suicide on June 24, 2007, and once again on February 5, 2008. Assuming for the sake of argument that these episodes lasted at least two weeks (a finding that the ALJ did not make (Doc. 7-2, 13–14)), Plaintiff did not experience three episodes within one year. Thus, even if everything Plaintiff alleges is

6

true, he still did not suffer from "repeated episodes of decompensation" because he did not suffer from three such episodes within one year. Plaintiff's first objection is overruled, and Magistrate Judge Litkovitz's recommendations in this respect are adopted.

### C. Second Objection

Plaintiff's second objection argues that the ALJ erred by not accurately considering Plaintiff's pain. (Doc. 18, 1.) When considering a claim of disability based on pain, the Sixth Circuit has instructed that there must initially be objective evidence of an underlying medical condition. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). Where such evidence exists, as it does here, there must be objective medical evidence to confirm the severity of the alleged pain or the objectively determined medical condition must be of a severity that can reasonably be expected to give rise to the alleged disabling pain. *Id.*; *see also Felisky*, 35 F.3d at 1038–39. This test does not require "'objective evidence of the pain itself.'" *Duncan*, 801 F.2d at 853 (*citing Green v. Schweiker*, 749 F.2d 1066, 1071 (3d Cir. 1984)). Where a complaint of pain is not fully supported by objective medical findings, the ALJ should consider additional factors. *Felisky*, 35 F.3d at 1039. These factors include daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medications; treatment received; measures used to relieve pain; and other factors concerning functional limitations. *Id.* at 1039–40 (*citing* 20 C.F.R. § 404.1529(c).

However, because pain tolerance levels differ, "a determination of disability based on pain depends largely on the credibility of the plaintiff." *Swiney v. Comm'r of*

7

*Soc. Sec.*, No. 09-13055, slip op. at 5 (E.D. Mich. July 28, 2010) (available at 2010 WL 3342291) (*citing Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). And determinations of credibility are within the discretion of the ALJ. *Felisky*, 35 F.3d at 1036 ("It is for the Secretary, not a reviewing court, to make credibility findings."). Furthermore, "[i]f an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Id.*

Specifically, Plaintiff's second objection maintains that there was objective evidence supporting the pain he alleged. (Doc. 18, 1.) He points to Plaintiff's MRI showing disc protrusion, Dr. Merkel's notes indicating chronic lower extremity pain, and Dr. Patil's notes indicating pain down Plaintiff's leg. (Doc. 18, 1–2.)

Plaintiff made a similar argument in his Statement of Errors. (Doc. 9, 12–13.) The magistrate judge's Report dealt with this argument as follows:

> Here, the ALJ accepted that plaintiff has a severe back impairment from degenerative disc disease of the lumbar spine, as well as severe generalized pain in his legs, feet, and wrists, and chronic recurring headaches. However, the ALJ reasonably determined that plaintiff's complaints of daily, debilitating pain from those impairments are not supported by the clinical and objective findings of record. (Tr. 19). While plaintiff points to Dr. Merkel's notation that plaintiff had chronic lower extremity pain (Doc. 9 at 12, citing Tr. 474), Dr. Merkel also opined that with respect to plaintiff's functional capacity, plaintiff had "no obvious impairments." Dr. Merkel further opined, "I don't feel he is disabled." (Tr. 461-62). The ALJ noted the lack of certain observable manifestations of severe pain, such as weight loss due to a loss of appetite from incessant pain, muscular atrophy due to muscle guarding, muscle spasms, the use of assistive devices, prolonged bed rest, or adverse neurologic signs. (Tr. 19). Plaintiff does not allege, nor does the record support, a finding that his pain was not adequately managed by medication when so prescribed or that he suffered any adverse side effects from such medication. In fact, plaintiff testified that the only medication he takes for pain is over-

8

> the-counter ibuprofen. (Tr. 40). Nor have plaintiff's physicians suggested any more aggressive treatment than medication. The ALJ further noted that plaintiff's activities of daily living were inconsistent with plaintiff's allegations of debilitating pain, finding that plaintiff is capable of most household chores with an occasional break and yard work. (Tr. 19).

(Doc. 16, 23–24.) This Court cannot add much to this thorough and correct analysis.

As the magistrate judge discussed, the ALJ took note of the objective evidence regarding Plaintiff's pain. The ALJ considered Plaintiff's MRI, which showed degenerative disc disease (Doc. 7-2, 17), and regarding this, the ALJ stated, "this impairment may limit [Plaintiff's] ability to sustain activity on a regular and continuing basis and has also been [taken] into account in reaching the conclusions herein." (Doc. 7-2, 17.) The ALJ considered Dr. Merkel's findings as well. (Doc. 7-2, 17.) He considered that despite Plaintiff's pain, the results of Dr. Merkel's physical examination was largely normal and, "[a]s a result of his treatment, Dr. Merkel indicated that he did not think the claimant was disabled." (Doc. 7-2, 17.) The ALJ also considered Dr. Patil's diagnosis of back pain and right elbow pain. (Doc. 7-2, 16.)

Despite this objective evidence of pain, the fact remains that Plaintiff's pain was not so severe as to be disabling. The ALJ considered this thoroughly by discussing the evidence from treating and examining physicians, Plaintiff's subjective complaints of pain, his credibility, the medications and treatment he received for pain, the absence of adverse side effects from pain medications, the lack of limitations on Plaintiff's activities of daily living, and the lack of other objective signs of pain. (Doc. 7-2, 19, 20.) The ALJ concluded, "the record does not support [Plaintiff's] contention of debilitating, daily pain." (Doc. 7-2, 20.) The fact that Plaintiff took nothing more than over-the-counter ibuprofen

9

for his pain affirms this result. (Doc. 7-2, 20.) As is required, *see Felisky*, 35 F.3d at 1036, the ALJ rejected Plaintiff's subjective complaints of pain as incredible and clearly stated his reasons for doing so (Doc. 7-2, 19–20).

The magistrate judge found that "Plaintiff's subjective allegations of pain . . . do not support his claim of disability in this case," and this Court agrees. Thus, Plaintiff's second objection is overruled, and Magistrate Judge Litkovitz's recommendations in this respect are adopted.

### III.  Conclusion

Based on the foregoing, the Court finds that the decision of the ALJ is supported by substantial evidence. The Report (Doc. 16) is ADOPTED. The ALJ's decision is AFFIRMED, and this matter is hereby CLOSED.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge